1
2
3
4
5
6
7
8
# UNITED STATES DISTRICT COURT

9
### EASTERN DISTRICT OF CALIFORNIA

10
11
| | |
|---|---|
| JULIO CORNELIO, | Case No.  1:23-cv-00476-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| B. SCOTT, et al., | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| Defendants. | (ECF No. 15) |
| | **FOURTEEN-DAY DEADLINE** |

12
13
14
15
16
17
18
19        Plaintiff Julio Cornelio ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

20   *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 7, 2023, the

21   Court screened Plaintiff's complaint and granted him leave to either file a first amended

22   complaint or notify the Court that he was willing to proceed only on a claim against Defendant

23   Scott for failure to protect in violation of the Eighth Amendment.  (ECF No. 11.)  Plaintiff's first

24   amended complaint, filed on July 27, 2023, is currently before the Court for screening.  (ECF No.

25   15.)

26   **I.        Screening Requirement and Standard**

27        The Court is required to screen complaints brought by prisoners seeking relief against a

28   governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

1

1    § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

2    or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

3    relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b);

4    1915(e)(2)(B)(ii).

5         A complaint must contain "a short and plain statement of the claim showing that the

6    pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

7    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

8    conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

9    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

10   true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

11   572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

12        To survive screening, Plaintiff's claims must be facially plausible, which requires

13   sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

14   for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

15   *Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

16   is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

17   standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

18        **II.      Plaintiff's Allegations**

19        Plaintiff is currently housed at California State Prison, Corcoran.  The events in the

20   amended complaint are alleged to have occurred while Plaintiff was housed at North Kern State

21   Prison ("NKSP") in Delano, California.  Plaintiff names Defendant B. Scott, a correctional officer

22   at North Kern State Prison, as the sole defendant.

23        Plaintiff generally alleges a violation of his Eighth Amendment right to be free from cruel

24   and unusual punishment.  In particular, Plaintiff alleges as follows:

25        On August 29, 2022, at approximately 9:00 AM [at] North Kern State Prison,
          Facility B Building 5, while performing his duties as the Control Booth Officer,
26        Defendant Scott failed to provide reasonable safety for the Plaintiff, a protective
          custody prisoner.  During this time, Building 5 was housing protective custody
27        prisoners and mainline prisoners, sequestered by two tiers.  The protective custody
          prisoners were housed in the lower-tier cells and mainline prisoners were housed
28        in upper-tier cells per the prison's COVID-19 quarantine restrictions.

1    (ECF No. 15 at p. 5.)

2        Plaintiff further alleges:

3        Wherefore, it was foreseeable for Defendant Scott to deliberate before unsecuring
         [sic] any of the building's cell doors to preclude violence on protective custody
4        prisoners.  Notwithstanding, Defendant Scott did not act reasonable in response to
         danger when he [a]llegedly "inadvertentantly [sic] pushed the button on cell 104"
5        with reckless disregard for the safety of the cell's two occupants:  1) Inmate
         Cornelio (Plaintiff) and 2) Inmate Saldana (BP8347 B5-104U), seeing that he "was
6        directed by Floor Officer L. Martinez to open cell 209."  (See Exhibit A [ ]).
         Further, prior to Defendant unsecuring [sic] cell 104, he was monitoring the shower
7        program of mainline prisoners with Inmate Ramirez (B59653 B5-226L) and Inmate
         Melendez (B59649 B5-226U) in the possession of potential weapons, a mop and a
8        broom, in which they utilized, as he enabled them to enter cell 104, accompanied
         with Inmate Sliders (B59527 B5-208L), with the intent to maliciously and
9        sadistically attack unsecured protective custody prisoners.  (See Exhibit B: Rules
         Violation Report Log No. 1217571, page 1.).
10
     (*Id.* at pp. 6-7.)
11
         Additionally, Plaintiff alleges:
12
         As the acting control booth officer, it was Defendant Scott's responsibility to be
13       astute and vigilant of the particular identifiable dangerous conditions of allowing
         violent prisoners, documented as a security threat group to be allowed free reign
14       with access to tools and other items that can be used as weapons, without proper
         supervision; and simultaneously, failing to maintain locks in working order to
15       secure the safety and protection of group risk prisoners that are targeted by active
         gang members; notwithstanding, sufficient knowledge of the substantive risk
16       factors of his careless and reckless actions was deliberate indifference to the
         reasonable safety he is required by the Constitution to provide to the Plaintiff.
17       Accordingly, the Plaintiff was viciously assaulted and has sustained injuries
         omitted from the prison's medical report.
18

19   (*Id.* at p. 7.)

20       As relief, Plaintiff seeks compensatory and punitive damages.

21       **III.    Discussion**

22       The Eighth Amendment protects prisoners from inhumane methods of punishment and

23   from inhumane conditions of confinement.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994);

24   *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Thus, no matter where they are

25   housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

26   clothing, sanitation, medical care, and personal safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th

27   Cir. 2000) (quotation marks and citations omitted).  To establish a violation of the Eighth

28   Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ."

                                              3

1   *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of*

2   *Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

3          Prison officials have a duty under the Eighth Amendment to protect prisoners from

4   violence at the hands of other prisoners because being violently assaulted in prison is simply not

5   part of the penalty that criminal offenders pay for their offenses against society.  *Farmer*, 511

6   U.S. at 833-34; *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413

7   F.3d 1036, 1040 (9th Cir. 2005).  However, prison officials are liable under the Eighth

8   Amendment only if they demonstrate deliberate indifference to conditions posing a substantial

9   risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an

10  official acted or failed to act despite his knowledge of a substantial risk of serious harm.  *Farmer,*

11  511 U.S. at 834, 841; *Clem*, 566 F.3d at 1181; *Hearns,* 413 F.3d at 1040.  Mere negligent failure

12  to protect an inmate from harm is not actionable under § 1983.  *Farmer*, 511 U.S. at 835

13  (explaining "deliberate indifference entails something more than mere negligence").

14          Although the Court found that Plaintiff's original complaint stated a cognizable claim,

15  Plaintiff's amended complaint no longer includes sufficient factual allegations demonstrating that

16  Defendant Scott's actions rose the level of deliberate indifference.  Rather, according to the

17  amended complaint, Defendant Scott "inadvertently" or "carelessly" opened the cell door, which

18  amounts to negligence, not deliberate indifference.  (ECF No. 15 at pp. 6, 7 and p. 11 [Ex. A]).

19  Plaintiff alleges "reckless disregard," (*id.* at p. 6), but this is not sufficient to state a claim for

20  deliberate indifference.  Rather, for purposes of an Eighth Amendment failure-to-protect claim,

21  "the prison official must *subjectively* have a sufficiently culpable state of mind." *Castro v. Cty. of*

22  *Los Angeles*, 833 F.3d 1060, 1070–71 (9th Cir. 2016) (quotation omitted).  "The failure of prison

23  officials to protect inmates from attacks by other inmates may rise to the level of an Eighth

24  Amendment violation when: (1) the deprivation alleged is "objectively, sufficiently serious" and

25  (2) the prison officials had a "sufficiently culpable state of mind," acting with deliberate

26  indifference."  *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).  In the circumstances

27  presented here, Plaintiff does not adequately allege that Defendant Scott knew of and disregarded

28  an excessive risk to Plaintiff's safety or that he acted with the requisite culpable state of mind.

1

### IV.     Conclusion and Recommendation

2         For the reasons stated, the Court finds that Plaintiff has failed to state a cognizable claim

3 for relief under § 1983.  Despite being provided with the relevant legal standard applicable to his

4 claim, Plaintiff has been unable to state a claim.  Further leave to amend is not warranted.  *Lopez*

5 *v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

6         Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a

7 district judge to this action.

8         Further, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action

9 be dismissed for failure to state a cognizable § 1983 claim upon which relief may be granted.

10 These Findings and Recommendation will be submitted to the United States District Judge

11 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

12 **(14) days** after being served with these Findings and Recommendations, Plaintiff may file written

13 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

14 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

15 specified time may result in the waiver of the "right to challenge the magistrate's factual

16 findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

17 *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

18
19 IT IS SO ORDERED.

20     Dated:   __September 12, 2023__          _____ /s/ *Barbara A. McAuliffe* _____

21                                         UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28